UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § § | |
| **v.** | § § § | Cause No.  6:22-CR-0103-ADA |
| **JANAMAR DEON LEE LANIER** | § | |

**REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE**

TO:   THE HONORABLE ALAN D ALBRIGHT,
       UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(c) and Rules 1(h) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendant's Motion to Dismiss the Indictment and his Supplemental brief. ECF Nos. 40 and 61. The Government has replied. ECF No. 42. Having considered the Motion and applicable law, the Court recommends that the Motion should be denied.

## BACKGROUND

On May 9, 2022, City of Killeen Police Department officers answered a criminal trespass call and encountered the Defendant, who fled on foot. When the officers caught up with the Defendant, he threw a backpack over a nearby privacy fence before he was handcuffed. Officers retrieved the backpack and found a Glock 22, .40 S&W pistol inside. The Defendant admitted to the officers that the gun was his and that he was not allowed to possess firearms. On June 14, 2022, a federal grand jury indicted the Defendant for Possession of a Firearm by a Convicted

Felon, in violation of 18 U.S.C. § 922(g)(1). The indictment indicates that the Defendant has nine prior convictions from several states. The Defendant has moved to dismiss based on his contention that the statute violates the Second Amendment, both facially and as applied, in light of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). The Defendant also argues that the statute exceeds Congress's power under the Commerce Clause.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 12 provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." FED. R. CRIM. P. 12(b)(1). If a pretrial motion presents a question of law in a case involving undisputed facts, Rule 12 authorizes the court to rule on the motion. *United States v. Flores*, 404 F.3d 320, 325 (5th Cir. 2005); *see* FED. R. CRIM. P. 12(d) (permitting the court to rule on a motion involving factual issues provided the court states its essential findings on the record); *see also United States v. Hall*, 20 F.3d 1084, 1088 (10th Cir. 1994) ("A pretrial dismissal is essentially a determination that, as a matter of law, the government is incapable of proving its case beyond a reasonable doubt."). Otherwise, the court would waste resources by allowing a case to proceed to trial and later dismissing it based on the same legal argument and facts presented through a pretrial motion. *See Flores*, 404 F.3d at 325.

## ANALYSIS

After the filing of Defendant's Motion, the Fifth Circuit directly addressed the constitutionality of § 922(g)(1) in *United States v. Diaz*, No. 23-50452, 2024 WL 4223684 (5th Cir. Sept. 18, 2024). Under very similar facts to those in the instant case, Diaz argued that §

922(g)(1) was unconstitutional both facially and as applied. Diaz also raised a Commerce Clause argument. The Fifth Circuit panel held that 18 U.S.C. § 922(g)(1)

> is consistent with this Nation's historical tradition of firearm regulation. *See Bruen*, 597 U.S. at 17, 142 S. Ct. 2111. At the time of the Second Amendment's ratification, those—like Diaz—guilty of certain crimes—like theft—were punished permanently and severely. And permanent disarmament was a part of our country's arsenal of available punishments at that time. Because applying § 922(g)(1) to Diaz "fits neatly" in this tradition, it is constitutional as applied and facially as well. *See Rahimi*, 144 S. Ct. at 1901.

*Diaz*, 2024 WL 4223684 at *9. This Court should follow this binding authority from the Fifth Circuit and deny the Motion.

The Defendant also argues that Section 922(g)(1) exceeds Congress's enumerated powers under the Commerce Clause. *See* ECF No. 40 at 31–32. As the *Diaz* court mentioned, this argument has been foreclosed in the Fifth Circuit. *See United States v. Jones*, 88 F.4th 571, 573 (5th Cir. 2023) (holding that Commerce Clause challenges to § 922(g)(1) are foreclosed).

## **RECOMMENDATION**

The Court should **DENY** Defendant's Motion to Dismiss (ECF No. 40).

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by

the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    SIGNED this 30th day of September 2024.

                                            JEFFREY C. MANSKE
                                            UNITED STATES MAGISTRATE JUDGE